UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

TIFFANY DOBERSTEIN
on behalf of herself and all
others similarly situated,

        Plaintiff,

    v.

EAST WISCONSIN SAVINGS BANK,
109 West 2nd Street
Kaukauna, Wisconsin 54130

        Defendant

Case No. 18-cv-1931

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND Fed. R. Civ. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Tiffany Doberstein, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Member Relations Advisor employees of Defendant, East Wisconsin Savings Bank, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, East Wisconsin Savings Bank, is a bank headquartered in Kaukauna, Wisconsin that services primarily the Fox Valley, Wisconsin region.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt Member Relations Advisor[1] employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) shaving time from said employees' timesheets by impermissibly rounding recorded hours of work for its own benefit (and to the detriment of said employees) and failing to compensate said employees when compensable work commenced and ceased; and (2) failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in said employees' regular rates of pay for overtime calculation purposes.

4.     Within the three (3) years immediately preceding the filing of this Complaint, Defendant's unlawful time shaving and rounding practice was embodied as a written, established policy in its "Employee Manual," which stated:

### WAGES AND SALARY ADMINISTRATION

Member Relations Representatives are required to report in adequate time to have their work station operable prior to their scheduled shift, by at least 7:20 when working the early shift, and 8:25 when working the later shift.

5.     Defendant's time shaving, rounding, and failure to compensate its hourly paid, non-exempt employees for compensable work performed was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

---

[1] At times, Defendant also titled and/or referred to Member Relations Advisors as "Member Relations Representatives."

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

9.      Defendant is a Kaukauna, Wisconsin-based bank with a corporate office of 109 West 2nd Street, Kaukauna, Wisconsin 54130.

10.     Defendant is not registered with Wisconsin's Department of Financial Institutions.

11.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated approximately six (6) physical locations in the State of Wisconsin in the following locations: Kaukauna; Appleton; Kimberly; Little Chute; Grand Chute; and Freedom.

12.     For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14.     Plaintiff, Tiffany Doberstein, is an adult female resident of the State of Wisconsin residing at 3110 West Hiawatha Drive, Appleton, Wisconsin 54914.

15.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

16.     Plaintiff worked as a non-exempt, hourly Member Relations Advisor employee at Defendant's Kimberly, Wisconsin location within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

17.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt Member Relations Advisor employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt Member Relations Advisor employees who work at, worked at, and/or were employed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt Member Relations Advisor employees were subject to Defendant's same unlawful policies as enumerated herein.

18.     Plaintiff and all other current and former hourly-paid, non-exempt Member Relations Advisor employees on whose behalf she brings this Complaint performed compensable work in the same or similarly-titled positions[2] at Defendant's Wisconsin locations at Defendant's direction and/or with Defendant's knowledge and/or.

---

[2] At times, Defendant also titled and/or referred to Member Relations Advisors as "Member Relations Representatives."

19. Defendant supervised Plaintiff's and all other hourly-paid, non-exempt Member Relations Advisor employees' day-to-day activities.

20. Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees.

21. Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Member Relations Advisor employees.

22. Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees abided in the workplace.

23. Defendant controlled the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt Member Relations Advisor employees' employment.

24. Defendant established Plaintiff's and all other hourly-paid, non-exempt Member Relations Advisor employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees with work assignments and hours of work.

25. Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt Member Relations Advisor employees were tracked and recorded by Defendant.

## **GENERAL ALLEGATIONS**

26. In approximately June 2016, Defendant hired Plaintiff into the position of Member Relations Advisor.

27. On or about November 8, 2018, Plaintiff's employment with Defendant ended.

28. During Plaintiff's employment with Defendant, Plaintiff performed compensable work as an hourly-paid, non-exempt employee earning between $11.00 and $13.50 per hour.

29. The vast majority of Defendant's employees during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) were hourly-paid, non-exempt employees.

30. During Plaintiff's employment with Defendant, Plaintiff's usual and customary weekly work schedule was: Mondays, Tuesdays, Wednesdays, and Fridays, from 8:30 a.m. to 5:00 p.m.; Thursdays, from 8:30 a.m. to 6:00 p.m.; and occasional weekends.

31. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the usual and customary weekly work schedules and hours of work of the vast majority of Defendant's hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff, was Mondays, Tuesdays, Wednesdays, and Fridays, from 8:30 a.m. to 5:00 p.m.; Thursdays, from 8:30 a.m. to 6:00 p.m.; and occasional weekends.

32. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated approximately six (6) physical locations in the State of Wisconsin: Kaukauna; Appleton; Kimberly; Little Chute; Grand Chute; and Freedom. Each location had the same business (lobby) hours: Monday, Tuesday, Wednesday, and Friday, from 8:30 a.m. to 5:00 p.m.; and Thursday, from 8:30 a.m. to 6:00 p.m.

33. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees often worked at least and/or in excess of five (5) days per workweek.

34. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees often worked at least and/or in excess of forty (40) hours per workweek.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff, bi-weekly via check.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Wednesday through Tuesday.

37.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt Member Relations Advisor employees.

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees with a written "Employee Manual."

39.     Defendant's "Employee Manual" contained the terms and conditions of employment for its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff.

40.     Defendant's "Employee Manual" contained the company-wide, uniform policies applicable to its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff.

41.     Defendant's "Employee Manual" contained the company-wide, uniform policies applicable to its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff, relating to hours worked, work performed, timekeeping, recordkeeping, and compensation.

42. Defendant's "Employee Manual" contained a "Wages and Salary Administration" policy that applied to its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff.

43. Defendant's "Wages and Salary Administration" policy as contained in its "Employee Manual" stated: "Member Relations Representatives are required to report in adequate time to have their work station operable prior to their scheduled shift, by at least 7:20 when working the early shift, and 8:25 when working the later shift."

44. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectations and directives as communicated to its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff, was to arrive to work prior to their respective scheduled shift start times "in adequate time to have their work station[s] operable prior to their scheduled shift, by at least 7:20 when working the early shift, and 8:25 when working the later shift."

45. Defendant's "Wages and Salary Administration" policy as contained in its "Employee Manual" further stated: "All full time, non-exempt employees are paid based on the time worked in the week consisting of Wednesday through Tuesday. Overtime pay will be paid to an employee for time worked beyond 40 hours in the work week (Wednesday through Tuesday).

46. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and on a daily basis, Defendant applied its "Wages and Salary Administration" policy as contained in its "Employee Manual" in practice to its hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff. For example, if an hourly-paid, non-exempt Member Relations Advisor employee, including Plaintiff, arrived for

his or her scheduled shift at 7:20 a.m. or 8:25 a.m. (or earlier) to begin work as directed by Defendant, Defendant's actual practice was to "round" the employee's actual start time and not begin compensating the employee until 7:30 a.m. or 8:30 a.m., respectively.

47.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), it was the common practice of all hourly-paid, non-exempt Member Relations Advisor employees, including Plaintiff, to perform compensable work prior to their respective scheduled shift start times in the furtherance of performing their respective job duties at Defendant.

48.    Immediately after arriving to work at Defendant each workday at the beginning of their shift, Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees performed compensable work.

49.    Immediately prior to leaving work at Defendant each workday at the end of their shift, Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees performed compensable work.

50.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees with, in addition to their hourly or regular rates of pay, other non-discretionary forms of compensation, such as performance bonuses, commissions, incentives, and/or other monetary rewards.

51.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the non-discretionary forms of compensation identified in the aforementioned paragraph that Defendant compensated Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees with in addition to their hourly or regular rates of

pay were remunerated to Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees on approximately a quarterly basis.

52.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the forms of compensation that Defendant compensated Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees with in addition to their hourly or regular rates of pay were non-discretionary in nature: they were based on Plaintiff's and all other hourly-paid, non-exempt Member Relations Advisor employees' hours worked and/or work performance.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all non-discretionary forms of compensation in Plaintiff's and all other hourly-paid, non-exempt Member Relations Advisor employees' regular rates of pay for overtime calculation purposes.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked each workday and each workweek.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's practice was to unlawfully and impermissibly shave time and recorded hours of work from the timesheets of Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees for its own benefit and to the detriment of said employees.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's compensation practices unlawfully and impermissibly

failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees when compensable work commenced and/or ceased.

57.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's practice was to unlawfully and impermissibly fail to compensate Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees for all hours actually worked each workweek, including but not limited to at an overtime rate of pay.

58.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees to work without being paid appropriate and lawful compensation for all hours worked.

59.     Defendant was or should have been aware that it was shaving time from Plaintiff's and all other hourly-paid, non-exempt Member Relations Advisor employees' timesheets by rounding recorded hours of work for its own benefit and to the detriment of said employees each work day, thus failing to compensate said employees when compensable work commenced and/or ceased.

60.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Member Relations Advisor employees for all hours actually worked each workweek, including at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

61.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Timeshaving)**:  All hourly-paid, non-exempt Member Relations Advisor employees who are or have been employed by Defendant within three (3) years immediately prior to the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of impermissible and unlawful time shaving and rounding by Defendant.

> **FLSA Collective (Non-Discretionary Compensation)**:  All hourly-paid, non-exempt Member Relations Advisor employees who are or have been employed by Defendant within three (3) years immediately prior to the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes.

62.     Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed by the FLSA Collective (Timeshaving) during a workweek. These practices resulted in Plaintiff and the FLSA Collective (Timeshaving) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

63.     Defendant suffered or permitted Plaintiff and the FLSA Collective (Timeshaving) to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective (Timeshaving)  their agreed upon wages, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

64.     Defendant, as a matter of policy and practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA

Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective (Non-Discretionary Compensation) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

65. The First and Second Claims for Relief are brought under and maintained as an opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

66. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

67. Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collectives.

68. Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked, including overtime compensation, and to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the employees' regular rates of pay for overtime calculation purposes.

69. The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available

from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

70.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

71.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class (Timeshaving)**:  All hourly-paid, non-exempt employees who are or have been employed by Defendant within two (2) years immediately prior to the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek, as a result of impermissible and unlawful time shaving and rounding by Defendant.

> **Wisconsin Class (Non-Discretionary Compensation)**:  All hourly-paid, non-exempt employees who are or have been employed by Defendant within two (2) years immediately prior to the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes.

72.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

73.    The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

74.    Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

75.    Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

76.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

77.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

78.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

79.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and

fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Classes for all work Defendant suffered or permitted them to perform by use of illegal time shaving and unlawful rounding; (4) Whether Defendant failed to include non-discretionary forms of compensation in the Wisconsin Classes regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

80. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of herself and the FLSA Collective (Timeshaving))**

81. Plaintiff, on behalf of herself and the FLSA Collective (Timeshaving), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

82. At all times material herein, Plaintiff and the FLSA Collective (Timeshaving) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

83. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Timeshaving) as provided under the FLSA.

84.     At all times material herein, Plaintiff and the FLSA Collective (Timeshaving) were employees of Defendant as provided under the FLSA.

85.     Plaintiff and the FLSA Collective (Timeshaving) are victims of uniform compensation policy and practice in violation of the FLSA.

86.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Timeshaving) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

87.     Defendant suffered or permitted Plaintiff and the FLSA Collective (Timeshaving) to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective (Timeshaving) their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

88.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

89.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

90.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Timeshaving) and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the

FLSA Collective (Timeshaving) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Timeshaving) are entitled to an award of pre-judgment interest at the applicable legal rate.

91.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Timeshaving) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

92.     Plaintiff and the FLSA Collective (Timeshaving) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

93.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
## Violation of the FLSA – Unpaid Overtime
## (Plaintiff on behalf of herself and the FLSA Collective (Non-Discretionary Compensation))

94.     Plaintiff, on behalf of herself and the FLSA Collective (Non-Discretionary Compensation), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

95.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

96.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Non-Discretionary Compensation) as provided under the FLSA.

97.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) were employees of Defendant as provided under the FLSA.

98.     Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are victims of uniform compensation policy and practice in violation of the FLSA.

99.     Defendant violated the FLSA by failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes.

100.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

101.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

102.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

103.    Defendant's failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to an award of pre-judgment interest at the applicable legal rate.

104.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

105.    Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted

willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

106.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime**
**(Plaintiff, on behalf of herself and the Wisconsin Class (Timeshaving))**

107.    Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

108.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

109.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

110.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

111.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

112.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

113.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

114.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

115.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

116.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### FOURTH CLAIM FOR RELIEF
### Violation of the WWPCL - Failure To Pay Agreed Upon Wage
### (Plaintiff, on behalf of herself and the Wisconsin Class (Timeshaving))

117.     Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

118.     Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

119.    Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above.

120.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of herself and the Wisconsin Class, seek damages in the amount of Plaintiff and the Wisconsin Class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

121.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

### FIFTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation))

122.    Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

123.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

124.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

125.  At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

126.  Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

127.  At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

128.  The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

129.  Defendant willfully failed to include all forms of discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of Wisconsin Wage Payment Laws.

130.  As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

131.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Member Relations Advisor employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Member Relations Advisor employees of Defendant damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Member Relations Advisor employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Member Relations Advisor employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Member Relations Advisor employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 7th day of December, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ *Scott S. Luzi* _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com