UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

TIFFANY DOBERSTEIN
on behalf of herself and all
others similarly situated,

        Plaintiff,                      Case No. 18-cv-1931

    v.

EAST WISCONSIN SAVINGS BANK,

        Defendant.

---

## PLAINTIFF'S OMNIBUS BRIEF IN SUPPORT OF MOTIONS

---

## <u>INTRODUCTION</u>

In her *Complaint*, Plaintiff, Tiffany Doberstein, filed five separate but related causes of action against her former employer, Defendant, East Wisconsin Savings Bank. (*Complaint*, ECF No. 1 ("Comp.").) To wit, Ms. Doberstein alleged that Defendant violated the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01, *et seq.,* Wis. Stat. § 104.01, *et seq.*, Wis. Stat. § 103.001, *et seq.*, Wis. Admin. Code § DWD 274.01, *et seq.,* and Wis. Admin Code § DWD 272.001, *et seq.* ("WWPCL").

In her second and fifth claims for relief, titled "Violation of the FLSA – Unpaid Overtime (Plaintiff on behalf of herself and the FLSA Collective (Non-Discretionary Compensation))" and "Violation of the WWPCL – Unpaid Overtime (Plaintiff on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation))," respectively ("FLSA Overtime Computation Claim" and "WWPCL Overtime Computation Claim"), Ms. Doberstein alleges that Defendant failed to include

all non-discretionary forms of monetary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation and compensation purposes in workweeks when said employees worked in excess of forty (40) hours during the representative time period for which the non-discretionary remuneration covered. *See* 29 U.S.C. § 207(a)(1) and (e); *see also* Wis. Stat. § 103.025(1)(c) and Wis. Admin Code § DWD 274.03.

Although Defendant initially denied Ms. Doberstein's allegations (see generally, *Answer and Affirmative Defenses to Plaintiff's Complaint*, ECF No. 8 ("Ans.")), during the pendency of this action, Defendant recalculated its current and former hourly-paid, non-exempt employees' regular rates of pay for overtime compensation purposes including therein all non-discretionary remuneration. (PPFOF, ¶ 50.) On June 12, 2019, Defendant issued checks directly to its employees, including Ms. Doberstein, for the purported legal deficiency in overtime compensation. (PPFOF, ¶ 51.) Despite Ms. Doberstein's best efforts to resolve the remaining issues without judicial intervention, Defendant has forced her to continue litigating her FLSA and WWPCL Overtime Computation Claims for relief to conclusion.[1] *Id.*

## STATEMENT OF FACTS

Defendant, East Wisconsin Savings Bank, is a bank headquartered in Kaukauna, Wisconsin that services primarily the Fox Valley, Wisconsin region. (*Plaintiff's Proposed Findings of Fact* ("PPFOF"), ¶ 1.). Defendant operates six branch locations in Wisconsin: Kaukauna, Freedom, Little Chute, Kimberly, Appleton, and Grand Chute ("Branches"). (PPFOF, ¶ 2.)

---

1. Ms. Doberstein filed her *Petition to Dismiss Certain Claims for Relief*, seeking to dismiss her first, third, and fourth claims for relief.

2

All of Defendant's hourly-paid, non-exempt employees ("Member Relations Representatives"), including Plaintiff, Tiffany Doberstein, have worked at Defendant's Branches as an integral part of its banking operations.[2] (PPFOF, ¶ 4.)

All of Defendant's Member Relations Representatives, including Ms. Doberstein, were hourly-paid, non-exempt employees. (PPFOF, ¶ 5.) In the three (3) years preceding the filing of this matter, Defendant's Member Relations Representatives, including Ms. Doberstein, often worked in excess of forty (40) hours per workweek. (PPFOF, ¶ 6.)

Ms. Doberstein was employed by Defendant as an hourly-paid, non-exempt Member Relations Representative in several positions, including that of Member Relations Specialist and Member Relations Advisor, at Defendant's Kimberly, Wisconsin Branch. (PPFOF, ¶ 7.) At Defendant's Kimberly, Wisconsin Branch, Ms. Doberstein regularly worked in excess of forty (40) hours per workweek and worked alongside other hourly-paid, non-exempt employees as part of Defendant's banking operations. (PPFOF, ¶ 8.)

Between December 7, 2016 and December 7, 2018, all of Defendant's Member Relations Representatives, including Ms. Doberstein, were compensated with – in addition to their regular, hourly rates of pay – non-discretionary bonuses, each quarter, pursuant to Defendant's incentive program. (PPFOF, ¶ 9.) These quarterly bonuses were made pursuant to Defendant's known performance or productivity formula and were announced and/or known to Defendant's Member Relations Representatives, including Ms. Doberstein, in order to encourage and/or reward their steady, productive, consistent, and efficient work performance and attendance. (PPFOF, ¶ 10.)

---

2. Defendant employs hourly-paid, non-exempt Member Relations Representatives in the following positions: Member Relations Representatives hold the following job titles: Member Relations Representative, Member Relations Specialist, Member Relations Advisor, Assistant Member Relations Team Leader, Member Relations Team Leader, Member Relations Support, Member Services Officer, Loan Services Specialist I, Loan Services Specialist II, Accounting Clerk, Bookkeeper, and Network Control Operator. (PPFOF, ¶ 3.)

Defendant compensated all Member Relations Representatives at its Branches, including at its Kimberly, Wisconsin Branch where Ms. Doberstein was employed, with these quarterly bonuses in the same manner when said employees met the same aforementioned eligibility criteria pursuant to the same aforementioned generally known, broadly accepted standards, plans, and best practices established by Defendant. (PPFOF, ¶ 11.) Additionally, the purpose of these bonuses was clear: to incentivize Member Relations Representatives for their steady, productive, consistent, and efficient work performance. (PPFOF, ¶ 12.)

In practice, though, Defendant failed to include these non-discretionary bonuses in Member Relations Representatives' regular rates of pay, including Ms. Doberstein's regular rate of pay, when determining overtime compensation due to them during workweeks in which they worked more than forty (40) hours during the representative three month time period for which the non-discretionary bonuses covered. (PPFOF, ¶ 13.)

From approximately October 2005 until at least May 23, 2019, Defendant employed Deborah L. Bartel in the position of Human Resources Director. (PPFOF, ¶ 14.) Despite Defendant's continuous denials that it failed to include all non-discretionary remuneration in the regular rates of pay when determining overtime compensation, (PPFOF, ¶ 15), Ms. Bartel testified that Defendant's denials are unequivocally false:

"Q     And would you agree with me that the bonuses, the quarterly bonuses, that we talked about were not included in the regular rate for overtime?

        Mr. Gill: Objection. Asking for a legal conclusion.

A     Yes.

***

4

Q      And, again, all of the employees – the prior policy of excluding the bonuses from overtime compensation affected all hourly-paid employees?

A      Yes.

(PPFOF, ¶ 16.)

In short, from approximately December 7, 2016 to December 7, 2018 and as confirmed by Ms. Bartel, Defendant did not include non-discretionary forms of remuneration in Member Relations Representatives' regular rates of pay, including Ms. Doberstein's regular rate of pay, when determining overtime compensation due and owing to them during those workweeks when said Employees worked in excess of forty (40) hours during the corresponding and representative time periods for which the non-discretionary remuneration covered.  (PPFOF, ¶ 17.)

## PROCEDURAL POSTURE

On December 7, 2018, Ms. Doberstein filed her *Complaint*. (PPFOF, ¶ 18.) Therein, Ms. Doberstein alleged, *inter alia,* that Defendant violated the FLSA and WWPCL by failing to include all non-discretionary forms of remuneration in Member Relations Representatives' regular rates of pay when determining overtime compensation. (PPFOF, ¶ 19.) Ms. Doberstein elected to prosecute her FLSA Overtime Computation Claim pursuant to § 216(b) of the FLSA and her WWPCL Overtime Computation Claim pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of herself and all other similarly situated Member Relations Representatives. (PPFOF, ¶ 20.)

On January 21, 2019, Defendant filed its *Answer and Affirmative Defenses to Plaintiff's Complaint*. (PPFOF, ¶ 21.) Therein, Defendant denied that if failed to include all non-discretionary forms of remuneration in Member Relations Representatives' regular rates of pay when determining overtime compensation. (PPFOF, ¶ 22.) Furthermore, Defendant denied "the existence of any class of persons necessarily having common claims against Defendant." (PPFOF, ¶ 23.)

5

On March 8, 2019, Ms. Doberstein served upon Defendant *Plaintiff's First Set of Interrogatories and Requests for Production of Documents* ("Combined Discovery Requests"). (PPFOF, ¶ 24.) Ms. Doberstein requested various pieces of information from Defendant, including the production of documents principally relating to her FLSA and WWPCL Overtime Computation Claims. (PPFOF, ¶ 25.) That same day, Ms. Doberstein expressed her desire to take the depositions of Ms. Bartel and Ms. Melissa Vandenberg, Ms. Doberstein's supervisor, at a date and time convenient to the parties.[3] (PPFOF, ¶ 26.)

On April 8, 2019, Defendant served its responses to Ms. Doberstein's Combined Discovery Requests. (PPFOF, ¶ 28.) The information contained therein supported Ms. Doberstein's allegations that Defendant failed to include all non-discretionary forms of remuneration in Member Relations Representatives' regular rates of pay, including Ms. Doberstein's regular rate of pay, when determining their overtime compensation. (PPFOF, ¶ 29.)

On May 23, 2019 – the date that Defendant deemed most convenient – Ms. Doberstein took the deposition of Ms. Bartel. (PPFOF, ¶ 30.) During the course of her deposition, Ms. Bartel testified that Defendant failed to include all non-discretionary forms of remuneration in Member Relations Representatives' regular rates of pay, including Ms. Doberstein's regular rate of pay, when determining their overtime compensation. (PPFOF, ¶ 16.) After hearing Ms. Bartel's testimony, Ms. Doberstein cancelled Ms. Vandenberg's deposition scheduled for the following day. (PPFOF, ¶ 31.)

On June 3, 2019 and in order to narrow the scope of the case, Ms. Doberstein served *Plaintiff's First Set of Admission Requests* ("Admission Requests"). (PPFOF, ¶ 32.)

---

3. On March 22, 2019, the parties scheduled the deposition of Ms. Bartel for May 23, 2019 and Ms. Vandenberg for May 24, 2019. (PPFOF, ¶ 27.)

6

On June 12, 2019, Defendant wrote Ms. Doberstein. (PPFOF, ¶ 33.) Defendant's letter, written by its President and CEO, Charles D. Schmalz, reads:

> We have completed an audit of our overtime payments that were provided to employees over the past 2-year period. We have concluded that you are owed an additional amount of $3.04 based upon overtime that you worked. The basis for the overtime calculation to you has changed, because the original computation did not take into account the fact that you had bonuses which were paid that should have been taken into account to compute the correct average hourly rate.

(*Id.*)

The same audit was completed "for all employees current and former" and the Defendant similarly "issued checks to those individuals." (*Id.*) Ms. Doberstein has not cashed the check issued to her by Defendant. (PPFOF, ¶ 52.)

On June 19, 2019, Ms. Doberstein attempted to resolve the outstanding issues absent court intervention, but her attempts were rebuffed. (PPFOF, ¶ 34.)

On July 1, 2019, Defendant served upon Ms. Doberstein *Defendant's Response to Plaintiff's First Set of Admission Requests.* (PPFOF, ¶ 35.) Despite Ms. Bartel's deposition testimony, Mr. Schmalz's written admission, and the issuance of a check for the overtime compensation deficiency, Defendant denied Ms. Doberstein's Admission Requests on the issue. (PPFOF, ¶ 35.)

## ARGUMENT

## I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Therefore, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993), *holding modified by Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420 (4th Cir. 2000).

In ruling on a motion for summary judgment, the non-moving party is entitled to only *reasonable* inferences, not every *conceivable* inference. *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994) (emphasis added). Indeed, "[i]nferences that are supported only by conjecture or speculation will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). "The evidence must create more than some metaphysical doubt as to the material facts." *Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 610 (7th Cir. 2001) (citations omitted).

For the reasons stated below, this Court should grant Ms. Doberstein's *Motion for Summary Judgment,* brought solely on her behalf, as to her FLSA Overtime Computation Claim. This Court should further grant Ms. Doberstein's *Motion for Class Certification Pursuant to Rule 23 of the Federal Rules of Civil Procedure.* Finally, this Court should grant Ms. Doberstein's *Motion for Summary Judgment* as to her WWPCL Overtime Computation Claim, filed on behalf of herself and the putative class.

## II.    MS. DOBERSTEIN IS INDIVIDUALLY ENTITLED TO JUDGMENT AS TO HER FLSA OVERTIME COMPUTATION CLAIM

The uncontroverted facts set forth in the Statement of Facts establishes *prima facie* evidence that Ms. Doberstein was the victim of the Defendant's unlawful policy or practice, *i.e.* failing to include non-discretionary quarterly bonuses in Ms. Doberstein's and all other Member

Relations Representatives' regular rates of pay for overtime calculation and compensation purposes, in violation of the FLSA.[4]

29 U.S.C. § 207(a)(1) states, in part: "no employer shall employ any of his employees… for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the *regular rate* at which he is employed." (emphasis added). The FLSA defines an employee's "regular rate" to "include all remuneration for employment paid to, or on behalf of, the employee," subject to the exclusions of 29 U.S.C. § 207(e). *See* 29 C.F.R. §§ 778.110 and 778.208; *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) (stating that the regular rate "by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments"); *Caraballo v. City of Chicago*, 969 F. Supp. 2d 1008, 1014 (N.D. Ill. 2013). Once an employee's "regular rate" is determined for any given workweek, then the "total remuneration for employment" for the workweek can be divided by "the total number of hours actually worked … in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; *see also Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 673 (7th Cir. 2010). Only then can the employee's overtime rate of pay and overtime compensation owed for any given workweek be determined.

All non-discretionary payments and bonuses must be included in an employee's "regular rate" of pay for overtime compensation purposes. *See* 29 CFR §§ 778.200 and 778.208; *Reich v. Interstate Brands Corp.*, 57 F.3d 574, 577–779 (7th Cir.1995) (explaining that nondiscretionary bonuses must be included in an employee's regular rate of pay, and thus do not meet the exclusion of § 207(e)(3)(a),

---

4. Although Ms. Doberstein initially sought to prosecute her FLSA Overtime Computation Claim on behalf of herself and all other similarly situated Member Relations Representatives, for procedural convenience Ms. Doberstein will pursue her FLSA Overtime Computation Claim individually.

even though they may be independent of the number of hours worked as stated in § 207(e)(2)); *see also* 29 CFR § 778.211(c) (stating, in part, "Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay.") Monetary payments "which do not qualify for exclusion from the regular rate as one of these types [listed in 29 U.S.C. § 207(e)] must be totaled in with other earnings to determine the regular rate on which overtime pay must be based." 29 CFR § 778.208; *See also Weninger v. General Mills Operations, LLC,* 344 F. Supp. 3d 1005, 1009 (E.D. Wis. 2018).

The exclusions listed in 29 U.S.C. § 207(e), which are to be interpreted narrowly against the employer,[5] do not apply in this case because Defendant admits the quarterly bonuses were non-discretionary in nature. (PPFOF, ¶ 36.)

The indisputable evidence in the record establishes that Defendant failed to include these non-discretionary bonuses in all Member Relations Representatives' regular rates of pay, including Ms. Doberstein's regular rate of pay, for overtime calculation and compensation purposes, in violation of the FLSA. (PPFOF, ¶ 13.) Moreover, Defendant calculated $3.04 to be due and owing to Ms. Doberstein pursuant to her FLSA Overtime Computation Claim. (PPFOF, ¶ 37.) The methodology utilized to calculate the deficiency owed to Ms. Doberstein appears to be the same utilized by the United States Department of Labor. (PPFOF, ¶ 38.) While Defendant issued a check to Ms. Doberstein in this amount, Ms. Doberstein has not cashed the check.

---

5. *Shaw v. Prentice Hall Computer Publ'g*, 151 F.3d 640, 642 (7th Cir.1998); *Caraballo*, 969 F. Supp. 2d at 1015.

For these reasons, this Court should grant Plaintiff's *Motion for Summary Judgment* as to her FLSA Overtime Computation Claim as no genuine dispute of material facts exist and Plaintiff is entitled to judgment in the amount of $3.04 plus a reasonable amount of attorneys' fees and costs.[6] Further, this Court should schedule a status conference pending the outcome of the present motions in order to schedule the filing of Ms. Doberstein's petition for attorneys' fees and costs.

## III.     THIS COURT SHOULD CERTIFY A CLASS PURSUANT TO RULE 23

Ms. Doberstein seeks to maintain her WWPCL Overtime Computation Claim as a class action on behalf of herself and all other Member Relations Representatives.  Class actions serve three essential purposes: (1) to facilitate judicial economy by the avoidance of multiple suits on the same subject matter; (2) to provide a feasible means for asserting the rights of those who would have no realistic day in court if a class action were not available; and (3) to deter inconsistent results, assuring a uniform, singular determination of rights and liabilities." *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 345–46 (S.D. Ga. 1996), *aff'd sub nom. Jones v. H & R Block Tax Servs.*, 117 F.3d 1433 (11th Cir. 1997)(internal citations omitted).

"There are four prerequisites to a class action under Fed.R.Civ.P. 23(a): numerosity, commonality, typicality, and fair and adequate representation." *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992). As noted below, Ms. Doberstein has established all of the prerequisites for class certification and the essential purposes of Rule 23 will be satisfied by class certification.

For the reasons set forth below, this Court should certify the following class of Member Relations Representatives:

> All hourly-paid, non-exempt employees who are or have been employed by Defendant within two (2) years immediately prior to the filing of this

---

6.  If this Court grant's Plaintiff's *Motion for Summary Judgment* as to her FLSA Overtime Computation Claim, then Plaintiff will be a "prevailing party" and entitled to her reasonable attorneys' fees and costs pursuant to *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

11

Complaint (ECF No. 1) and who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes.

With respect to numerosity, Rule 23 requires that "the class is so numerous that joinder of all members is impracticable." *Id.* Numerosity is generally presumed when the proposed class would have at least 40 members. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (citing *1 Newberg on Class Actions 2d*, § 3.05 (1985 ed.)), *see also Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan,* 188 F.3d 895, 897 (7th Cir.1999) (noting that class consisted of class representative "and 35 other[s]"); *Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (40 class members is a sufficiently large group to satisfy Rule 23(a)).

In the present case, sixty-four (64) Member Relations Representatives received the quarterly bonus during the representative period. (PPFOF, ¶ 39.) Of those sixty-four (64) employees, more than forty (40) Member Relations Representatives worked in excess of forty (40) hours in a workweek during the representative period of time in which the bonus was earned. (PPFOF, ¶ 40.) Defendant has supplied the names and last known addresses of each of these putative class members. (Disc. Resp., Ex. B.) As such, Ms. Doberstein has established Rule 23's requirement for numerosity.

As to commonality and typicality, the law requires a "common contention ... [that is] of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Moreover, a plaintiff seeking certification must "demonstrate that the class members 'have suffered the same injury.'" *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012)(quoting *Gen. Tel. Co. of Sw. v. Falcon*,

457 U.S. 147, 157 (1982)). Here, there are common questions of law and fact, and Ms. Doberstein has suffered the same injury as all other Member Relations Representatives.

Like the FLSA, Wis. Stat. § 103.025(1)(c) and Wis. Admin. Code § DWD 274.03 require that a non-exempt employee be compensated at a rate of "one-half the *regular rate of pay* for all hours worked in excess of 40 hours per week." (emphasis added.) While Wis. Admin. Code § DWD 274.03 does not define "regular rate of pay," Wis. Admin. Code § DWD 274.04 instructs that exemptions shall be interpreted in such a manner as to be consistent with the Federal Fair Labor Standards Act and the Code of Federal Regulations as amended, relating to the application of that act to all issues of overtime. The Department further instructs that the "'regular rate' includes all remunerations paid to or on behalf of the employee such as commissions, nondiscretionary bonus, premium pay, and piecework incentives." *See* DWD publication ERD-8298-P. The Department's interpretive rulings and publications are to be given "due weight." *Tetra Tech EC, Inc. v. Wisconsin Dep't of Revenue,* 382 Wis. 2d 496, 512 (2018).

As noted above, the uncontested evidence shows that Defendant deprived Member Relations Representatives of overtime compensation by failing to include non-discretionary quarterly bonuses in their regular rates of pay, including Ms. Doberstein's regular rate of pay. (PPFOF, ¶ 13.)

While Defendant may argue that the putative class has not suffered a compensable injury because Defendant "completed an audit for all employees current and former and … subsequently issued checks to those individuals," under Wisconsin law, in order for an employer to avoid civil penalties for unpaid wage claims, all wages must paid "at the time a wage claim action commences in circuit court." *Hubbard v. Messer,* 267 Wis. 2d 92, 112 (2003). As a result, Defendant cannot escape liability for "increased wages of not more than 50 percent of the amount of wages due and

13

unpaid" merely by issuing payment to Member Relations Representatives after the commencement of the present case. Wis. Stat. § 109.11(2)(a).

In regard to adequate representation, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "The adequacy criteria tend to merge with the commonality and typicality requirements." *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 320 (S.D.N.Y. 2003) "The two key factors relevant to the determination of adequacy are an absence of potential conflict between the named plaintiff and absent class members, and an assurance of vigorous prosecution on behalf of the class. Thus, for a class to be certified, both the named plaintiff and class counsel must be able to serve the interests of the entire class." *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 408 (E.D. Wis. 2002).

In the present case, the adequacy of representation of the class by either Ms. Doberstein or her counsel should not be in dispute. Ms. Doberstein's interests are commonly aligned with that of all current and former Member Relations Representatives, and her counsel have appeared in numerous cases involving claims similar to Ms. Doberstein's WWPCL Overtime Computation Claim. *See e.g. Nicole Dietzen v. Community Loans of America, Inc.*, Case No. 2018-cv-818 (E.D. Wis. 2018); *John Weninger v. General Mills Operations, LLC,* Case No. 18-cv-321 (E.D. Wis. 2018); *Slaaen, et al. v. Senior Lifestyle Corporation, et al.,* Case No. 18-cv-1562 (E.D. Wis.2018).

Next, Ms. Doberstein's WWPCL Overtime Computation Claim is suitable for adjudication as a class action given the predominance and superiority requirements of Rule 23(b)(3). As previously discussed, common questions of law and fact clearly predominate. Further, because Defendant issued payment to putative class members for a portion of the specific relief sought by Ms. Doberstein, on behalf of herself and all other Member Relations Representatives, adjudication

of Ms. Doberstein's individual claim alone would deprive putative class members' ability to obtain statutory damages currently available to them; thus, a class action is the superior mode of litigation. *Messer*, 267 Wis. 2d at 112.

Defendant may argue that the relatively small amount of damages which remain due to Member Relations Representatives, including Ms. Doberstein, warrants denial of class certification. Yet, such an argument only enforces the superiority of a class action. Class actions are favored in cases in which damages are limited because "the realistic alternative to a class action is … zero individual suits, as only a lunatic or a fanatic sues for $30." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

In short, where the class members are already identified, are located in the same geographic region, have limited financial means, and present relatively small claims, policy considerations in favor of class certification are met. *Jimenez v. GLK Foods, LLC*, 2014 WL 2515398, at *5 (E.D. Wis. June 4, 2014)(Griesbach, J.).

For all of the aforementioned reasons, this Court should certify Ms. Doberstein's WWPCL Overtime Computation Claim as a class action. Further, this Court should schedule a status conference pending the outcome of the present motions in order to resolve the manner, method, and form of notice to the putative class members in light of the potential for simultaneous disposition of Defendant's liability.

## IV. MS. DOBERSTEIN AND THE PUTATIVE RULE 23 CLASS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE WWPCL OVERTIME COMPUTATION CLAIM

As argued above, the WWPCL requires employers to compensate non-exempt, hourly-paid employees at a rate of "one-half the regular rate of pay for all hours worked in excess of 40 hours per week." Wis. Stat. § 103.025(1)(c); Wis. Admin. Code § DWD 274.03. The "regular rate"

includes all nondiscretionary bonuses, like the quarterly bonus Defendant paid to its Member Relations Representatives, including Ms. Doberstein. *See* DWD publication ERD-8298-P.

Because the uncontested evidence shows that Defendant deprived Member Relations Representatives of overtime compensation by failing to include its quarterly bonuses in their regular rates of pay, including Ms. Doberstein's regular rate of pay, no genuine issues of material fact exist. (Bartel Tran., p. 39:21-41:16; Disc. Resp., ¶¶ 5 and 8; Disc. Resp., Exs. D and G; Potteiger Decl., Ex. 1.) Defendant violated the WWPCL as a matter of law.

With respect to damages, Defendant calculated $3.04 to be due and owing to Ms. Doberstein and $496.00 due and owing to the putative class. (PPFOF, ¶ 41.) The methodology utilized to calculate the legal deficiency appears to comport to that utilized by the United States Department of Labor. (PPFOF, ¶ 38.)

However, Member Relations Representatives, including Ms. Doberstein, remain entitled to "increased wages of not more than 50 percent of the amount of wages due and unpaid." Wis. Stats. § 109.11(2)(a). Typically, an award of statutory damages for "wage"[7] claims brought pursuant to 109.09, Stats. are discretionary under 109.11(2)(a), Stats. *Wolnak v. Cardiovascular & Thoracic Surgeons of Cent. Wisconsin, S.C.*, 287 Wis. 2d 560, 587 (Ct. App. 2005). "Only wrongful withholding of wages for dilatory or other unjust reasons should be penalized." *Id.* citing *American Fed'n of State, Local 1901 v. Brown County,* 146 Wis.2d 728, 731 (1988)("the county had shown 'good cause' for its delayed wages payment, and, therefore, there could be no civil liability.")

---

7. "'Wage' or 'wages' mean remuneration payable to an employee for personal services, including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay, supplemental unemployment benefit plan payments when required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and the employee or provided by the employer to the employees as an established policy." Wis. Stats. § 109.01(3).

However, Wis. Admin. Code § DWD 274.07 reads "any employer who violates order s. DWD 274.02 [Hours of Work] 274.03 [Overtime Pay] or 274.06 [Records] **shall** be subject to the penalties provided in ss. 103.005 and 109.11, Stats. Each day of violation shall constitute a separate and distinct offense." (emphasis added). The Department's specific designation of "overtime pay" in Wis. Admin. Code § DWD 274.07, distinguishes "overtime pay" wage claims and "overtime pay" wage deficiency claims from other types of "wage" claims specified in 109.01(3), Stats. The Department removed the discretionary nature of the award of additional wages where an employer fails to properly compensate employees with "overtime pay." Therefore, additional wages must be awarded.

Assuming arguendo that the "good cause" standard was applicable, "good cause" for wrongfully withholding overtime wages does not exist in this case. Deborah L. Bartel, Defendant's Human Resources Director, has been responsible for "all human resources needs, start to finish" including "payroll" since October 17, 2005. (PPFOF, ¶ 43.) Ms. Bartel's extensive experience and continuing education provides her with an advanced understanding of employment law issues, as does her participation in "employment law meetings" and review of "employment law manuals." (PPFOF, ¶ 44.) Ms. Bartel is responsible for making revisions to the employee handbook, a process during which she advises Charles Schmalz, Defendant's President and CEO, on necessary revisions. (PPFOF, ¶ 45.) The revisions to the handbook include changes in employment law. (PPFOF, ¶ 46.) Last, Ms. Bartel is competently able to distinguish between discretionary and non-discretionary bonuses paid by Defendant. (PPFOF, ¶ 47.)

Moreover, Defendant is a sophisticated business enterprise, employing over 79 individuals, and is subject to routine audits and exams. (PPFOF, ¶ 48.)  During these audits and exams,

Defendant is required to confirm that its compensation practices comport with appropriate law. (PPFOF, ¶ 49.)

The only excuse which Defendant can proffer with any semblance of sufficiency for its dilatory payment of overtime compensation is that it was ignorant of the law. Yet, "[i]t has been held from the earliest days, in both the Federal and state courts, that a mistake of law, pure and simple, without the addition of any circumstances of fraud or misrepresentation, constitutes no basis for relief at law or in equity, and forms no excuse in favor of the party asserting that he made such mistake … ignorance of the law does not excuse a wrong done or a right withheld." *Utermehle v. Norment*, 197 U.S. 40, 57 (1905). Consequently, Defendant's mistake of law cannot be "good cause" for its dilatory payment of overtime compensation to Member Relations Representatives, including Ms. Doberstein.

Last, Ms. Doberstein requests that this Court award her an incentive payment as named plaintiff in the amount of $2,500.00. "[A] class action plaintiff assumes a risk; should the suit fail, he may find himself liable for the defendant's costs or even, if the suit is held to have been frivolous, for the defendant's attorneys' fees. The incentive reward is designed to compensate him for bearing these risks, as well as for as any time he spent sitting for depositions and otherwise participating in the litigation as any plaintiff must do…. The incentive award therefore usually is modest—the median award is only $4,000 per class representative." *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876–77 (7th Cir. 2012).

Like many class plaintiffs, Ms. Doberstein assumed the risks of bringing suit, and spent time participating in the litigation.[8] Where, like here, the named plaintiff provides "valuable

---

8. Plaintiff's deposition is scheduled to take place on July 16, 2019.

services which benefitted the class as a whole" the plaintiff is entitled to a service award. *Spicer v. Chicago Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1268 (N.D. Ill. 1993).

For the aforementioned reasons, this Court should grant summary judgment as to the WWPCL Overtime Computation Claim, in favor of Ms. Doberstein and the putative class, because there are no genuine issues of material fact.

Assuming this Court grant's Ms. Doberstein's *Motion for Summary Judgment* as to her individual FLSA Overtime Computation Claim, to avoid a double recovery, Ms. Doberstein is entitled to judgment as a matter of law in the amount of $1.52 ($3.04 x ½) in statutory liquidated damages and $2,500.00 as an incentive award. All other Member Relations Representatives are entitled to judgment in the amount of $496.00 in overtime wages owed plus an additional $248.00 ($496 x ½) in statutory liquidated damages, less any setoff for payments previously sent to members of the putative class by Defendant.

The aforementioned awards are exclusive of a reasonable amount of expenses including attorneys' fees and costs.[9] This Court should schedule a status conference pending the outcome of the present motions in order to schedule the filing of Ms. Doberstein's petition for attorneys' fees and costs.

## CONCLUSION

For all of the foregoing reasons, this Court should grant summary judgment as to Ms. Doberstein's FLSA Overtime Computation Claim, in favor of solely Ms. Doberstein, because there are no genuine issues of material fact and Ms. Doberstein is entitled to a judgment in the amount of $3.04 as a matter of law plus an award of her reasonable costs and attorneys' fees.

---

9.  Even if this Court denies Ms. Doberstein relief pursuant to her WWPCL Overtime Computation Claim, Ms. Doberstein is entitled to attorneys' fees as a "prevailing party" because, under Wisconsin law, attorneys' fees are awardable under the "catalyst test." *See e.g. Kilian v. Mercedes-Benz USA, LLC*, 335 Wis. 2d 566 (2011).

19

Further, this Court should grant Ms. Doberstein's *Motion for Class Certification Pursuant to Rule 23 of the Federal Rules of Civil Procedure*, as all of the prerequisites for certification have been met and a class action is the superior means of resolution.

This Court should also grant summary judgment as to Ms. Doberstein's WWPCL Overtime Computation Claim, in favor of both Ms. Doberstein and the putative class, because there are no genuine issues of material fact. Assuming this Court grant's Ms. Doberstein's Motion for Summary Judgment as to her individual FLSA Overtime Computation Claim and to avoid a double recovery, Ms. Doberstein is entitled to judgment as a matter of law in the amount of $1.52 ($3.04 x ½) in statutory liquidated damages and $2,500.00 as an incentive award. All other Member Relations Representatives are entitled to judgment in the amount of $496.00 in overtime wages owed plus an additional $248.00 ($496 x ½) in statutory liquidated damages, less any setoff for payments previously sent to members of the putative class by Defendant.

Last, this Court schedule a status conference pending the outcome of the above-referenced motions in order to resolve the manner, method, and form of notice to the putative class members in light of the potential for simultaneous disposition of Defendant's liability as well as scheduling the filing of Ms. Doberstein's petition for attorneys' fees and costs.

Dated this 11th day of July, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ **David M. Potteiger**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com