UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

TIFFANY DOBERSTEIN
on behalf of herself and all
others similarly situated,

      Plaintiff,                                             Case No. 18-cv-1931

      v.

EAST WISCONSIN SAVINGS BANK,

      Defendant.

---

## PLAINTIFF'S FIRST SET OF ADMISSION REQUESTS

---

TO:    East Wisconsin Savings Bank
         c/o Gregory B. Gill, Sr.
         Gill & Gill, S.C.
         501 S. Nicolet Road
         Appleton, WI 54914

      NOW COMES Plaintiff, Tiffany Doberstein, on behalf of herself and all others similarly situated, by her attorneys, Walcheske & Luzi, LLC, and as and for *Plaintiff's First Set of Admission Requests*, Ms. Doberstein propounds the following discovery requests upon Defendant, East Wisconsin Savings Bank, pursuant to Fed. R. Civ. P. 36 to be answered within thirty (30) days after service of this request.

### INSTRUCTIONS

      1.    *Bank* is required to admit, for the purposes of this action only, the truth of any matters within the scope of Fed. R. Civ. P. 36 set forth in the following Requests for Admission that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any document described in the request.

**EXHIBIT 4**

2. The matter is admitted unless, within 30 days after service of the request, *Bank* serves upon Plaintiff's *attorneys* a written response, signed by *Bank*, or a written objection addressed to the matter, signed by *Bank* or *Bank's attorneys*.

3. *Bank's* answer to each request must specifically deny the matter or set forth in detail the reasons why *Bank* can neither admit nor deny the matter.

4. Any denial shall fairly meet the substance of the requested admission, and when good faith requires that *Bank* to qualify an answer or deny only a part of the matter of which an admission is requested, *Bank* must specify so much of it as is true and qualify or deny the remainder.

5. *Bank* may not give lack of information or knowledge as a reason for *Bank's* failure to admit or deny the matter set forth in a request for admission unless *Bank* states that it has made reasonable inquiry and that the information or knowledge known or readily obtainable by *Bank* is insufficient to enable it to either admit or deny.

6. Pursuant to Fed. R. Civ. P. 37(c)(2), if *Bank* fails to admit the genuineness of any document or the truth of any matter as requested herein, and if Plaintiff thereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring *Bank* to pay the reasonable expenses incurred in the making of that proof, including reasonable attorney fees.

## **DEFINITIONS**

The following terms are defined as follows for the purpose of *Plaintiff's First Set of Admission Requests*. Specifically defined terms shall be delineated throughout *Plaintiff's First Set of Admission Requests* by use of an italic font. Any terms not specifically defined should be read within the context of *Plaintiff's First Set of Admission Requests* and the above-captioned litigation,

in general, in order to encompass the broadest possible meaning. This includes, but is not limited to, a word's gender, plurality, and tense.

If *Bank* does not understand a particular term or phrase, good faith requires *Bank* to apply ordinary connotations and common meanings to that term or phrase. Where a response cannot be made without clarification as to the meaning of a particular term, good faith requires *Bank* to request clarification prior to submitting its response.

"Attorney" – shall mean each and every individual to whom the attorney-client privilege extends pursuant to Fed. R. Evid. 502.

"Bank" – shall mean Defendant East Wisconsin Savings Bank as well as its subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, officers, shareholders, directors, representative employees, agents and anyone working on its behalf or purportedly working on its behalf, excluding its *attorney*.

"Communication" – shall mean the transmittal of information in the form of facts, ideas, inquiries, opinions, or otherwise.

"Discretionary Bonus" – shall be synonymous in meaning and equal in scope to the definition found in 29 C.F.R. § 778.211.

"Doberstein" – shall mean Plaintiff, Tiffany Doberstein, on behalf of herself and all other similarly situated *employees* at *Bank* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

"Document" – shall be synonymous in meaning and equal in scope to the definition found in Fed. R. Civ. P. 34(a), and shall include, but is not limited to, any written, printed, typed, electronic or other graphic matter of any kind or nature and all mechanical and electronic sound recordings or descriptions whether such document is currently within

*Bank's* possession, custody, or control. A draft or non-identical copy is a separate *Document*.

"Employ" or "Employed" – shall be synonymous in meaning and equal in scope to the definition provided for by 29 U.S.C. § 203(g).

"Employee" or "Employees" – shall mean any individual, including *Doberstein*, who suffers or is permitted to work or who has suffered or was permitted to work at *Bank* for the period of time beginning on December 7, 2015 and ending December 7, 2018.

"Extra compensation" – shall be synonymous in meaning and equal in scope to the definition provided for by 29 U.S.C. § 207(h)(2).

"Non-Exempt Employee" – shall mean each and every hourly *employee* who does not fall within an exemption pursuant to 29 U.S.C. § 213.

"Non-Discretionary Bonus" – shall mean any monetary payment made in addition to regular earnings or wages which is not a *Discretionary Bonus*.

"Overtime" – shall mean any and all hours, exceeding forty, in a *workweek* in which a *non-exempt employee* is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce.

"Regular Rate" – shall be shall be synonymous in meaning and equal in scope to the definition provided for by 29 U.S.C. § 207(e).

"Workweek" – shall be synonymous in meaning and equal in scope to the definition provided for by 29 C.F.R. § 778.105.

**REQUEST NO. 1.** *Bank employed non-exempt employees,* including *Doberstein,* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 2.** *Doberstein* performed similar job duties as other current and former hourly-paid, *non-exempt employees employed* by *Bank* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 3.** Annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit O at pages 1-2 and 8-22, are authentic duplicate copies of the *Bank's* job descriptions for positions held by *non-exempt employees* who were *employed* by *Bank* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 4.** The *Bank's* job descriptions, annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit O at pages 1-2 and 8-22 are records of regularly conducted activity as defined by Fed. R. Evid. 803(6).

**REQUEST NO. 5.** Each and every *non-exempt employee* who *Bank employed* during the period of time beginning on December 7, 2015 and ending December 7, 2018 were subject to the same *Bank* policies, procedures, and practices pertaining to *overtime* compensation.

**REQUEST NO. 6.** The *Bank* paid eligible *non-exempt employees,* including *Doberstein,* quarterly bonuses pursuant to an incentive program during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 7.** The quarterly bonuses that *Bank* paid to its eligible *non-exempt employees,* including *Doberstein,* pursuant to an incentive program were *non-discretionary bonuses*.

**REQUEST NO. 8.** The incentive program that *Bank* compensated its eligible *non-exempt employees* with, including *Doberstein,* were made pursuant to a known performance or productivity formula that was announced and/or known to *Bank's non-exempt employees* in order

to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and efficient work performance.

**REQUEST NO. 9.** Annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit N are electronic documents titled "Bonus 2015 Worksheet" and "Hourly Bonus Worksheet 2016."

**REQUEST NO. 10.** "Bonus 2015 Worksheet" and "Hourly Bonus Worksheet 2016" are authentic duplicate copies of the *Bank's* incentive program worksheets.

**REQUEST NO. 11.** The *Bank's* incentive program worksheets, annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit N are records of regularly conducted activity as defined by Fed. R. Evid. 803(6).

**REQUEST NO. 12.** *Bank* used incentive program worksheets to calculate the amount of each eligible *non-exempt employees' non-discretionary bonuses*, including *Doberstein's non-discretionary bonuses,* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 13.** Sixty-four (64) *non-exempt employees,* including *Doberstein,* received quarterly bonuses pursuant to *Bank's* incentive program during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 14.** Annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests3 for Production of Documents* as Exhibit N is an electronic document titled "Quarterly Bonus Amounts 2016-2017-2018."

**REQUEST NO. 15.** "Quarterly Bonus Amounts 2016-2017-2018" is an authentic duplicate copy of a summary of each of the sixty-four (64) *non-exempt employees,* including *Doberstein,* as well as the aggregate amount of all quarterly bonus payments made by *Bank* to said

*employees* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 16.** The *Bank's* "Quarterly Bonus Amounts 2016-2017-2018", annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit N is admissible pursuant to Fed. R. Evid. 1006.

**REQUEST NO. 17.** *Bank* did not include quarterly bonus payments in *non-exempt employees' regular rate* of pay for *overtime* calculation purposes.

**REQUEST NO. 18.** The sixty-four (64) hourly-paid, *non-exempt employees,* including *Doberstein,* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018 is an ascertainable class of people pursuant to Fed. R. Civ. P. 23.

**REQUEST NO. 19.** Joinder of all sixty-four (64) hourly-paid, *non-exempt employees,* including *Doberstein,* is impracticable.

**REQUEST NO. 20.** There are questions of law and fact common to all sixty-four (64) hourly-paid, *non-exempt employees,* including *Doberstein,* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 21.** *Doberstein's* claims and *Bank's* defenses are typical of the claims and defenses for all sixty-four (64) hourly-paid, *non-exempt employees* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**REQUEST NO. 22.** *Doberstein* will fairly and adequately protect the interests of all sixty-four (64) hourly-paid, *non-exempt employees* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018.

Dated this 3rd day of June, 2019.

                                    WALCHESKE & LUZI, LLC
                                    Counsel for Plaintiff

                                    **s/ *David M. Potteiger***
                                    James A. Walcheske, State Bar No. 1065635
                                    Scott S. Luzi, State Bar No. 1067405
                                    David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com