UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIFFANY DOBERSTEIN
on behalf of herself and all
others similarly situated,

        Plaintiff,                     Case No. 18-cv-1931

v.

EAST WISCONSIN SAVINGS BANK,

Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF ADMISSION REQUESTS

TO:    Tiffany Doberstein
       c/o WALCHESKE & LUZI, LLC
       James A. Walcheske
       Scott S. Luzi
       David M. Potteiger
       15850 W. Bluemound Road, Suite 304
       Brookfield, Wisconsin 53005

NOW COMES Defendant, East Wisconsin Savings Bank, by its attorneys, Gill & Gill, S.C., and provides the following responses to *Plaintiff's First Set of Admission Requests.*

### GENERAL OBJECTIONS

1.      Defendant objects to the Requests to the extent they seek to impose upon Defendant requirements greater than those found in Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Defendant objects to any individual Request to the extent it purports to require Defendant to produce any information which is subject to a claim of privilege or immunity from disclosure, including the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**EXHIBIT 5**

3.      Defendant objects to any individual Request to the extent it purports to require the production of information not in the possession, custody or control of Defendant or no longer in the possession, custody or control of the Defendant.

4.      Defendant objects to the extent that the Requests are unreasonably cumulative or duplicative, or that the information sought by such Requests is obtainable from some other source that is more convenient, less burdensome or less expensive.

5.      Defendant objects to the extent that the Requests are unreasonably overbroad and unduly burdensome.

6.      Defendant objects to the extent that the Requests are not relevant to the subject matter involved in the pending action and are beyond the scope of actual claims and/or defenses.

Defendant's responses to Plaintiff's Requests are made without waiving, but on the contrary, reserving, and intending to reserve, each of the above objections and/or privileges.

Defendant's responses to Plaintiff's Requests are without prejudice to its right to object to the admission of information provided into evidence or its right to object to further discovery relating to the same subject matter upon any valid ground. Furthermore, Defendant expressly reserves the right to supplement its responses to Plaintiff's First Set of Requests for Admission based upon, but not limited to, information gained through discovery.

**REQUEST NO. 1.** *Bank employed non-exempt employees,* including *Doberstein,* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 1.**      Admit.

**REQUEST NO. 2.** *Doberstein* performed similar job duties as other current and former hourly-paid, *non-exempt employees employed* by *Bank* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 2.**      Admit.

**REQUEST NO. 3.** Annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit O at pages 1-2 and 8-22, are authentic duplicate copies of the *Bank's* job descriptions for positions held by *non-exempt employees* who were *employed* by *Bank* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 3.**     Admit.

**REQUEST NO. 4.** The *Bank's* job descriptions, annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit O at pages 1-2 and 8-22 are records of regularly conducted activity as defined by Fed. R. Evid. 803(6).

**RESPONSE TO REQUEST NO. 4.**     Admit.

**REQUEST NO. 5.** Each and every *non-exempt employee* who *Bank employed* during the period of time beginning on December 7, 2015 and ending December 7, 2018 were subject to the same *Bank* policies, procedures, and practices pertaining to *overtime* compensation.

**RESPONSE TO REQUEST NO. 5.**     Admit.

**REQUEST NO. 6.** The *Bank* paid eligible *non-exempt employees,* including *Doberstein,* quarterly bonuses pursuant to an incentive program during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 6.**     Admit.

**REQUEST NO. 7.** The quarterly bonuses that *Bank* paid to its eligible *non-exempt employees,* including *Doberstein,* pursuant to an incentive program were *non-discretionary bonuses.*

**RESPONSE TO REQUEST NO. 7.**     Admit.

**REQUEST NO. 8.** The incentive program that *Bank* compensated its eligible *non-exempt employees* with, including *Doberstein,* were made pursuant to a known performance or productivity formula that was announced and/or known to *Bank's non-exempt employees* in order

to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and efficient work performance.

**RESPONSE TO REQUEST NO. 8.**      Admit.

**REQUEST NO. 9.** Annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit N are electronic documents titled "Bonus 2015 Worksheet" and "Hourly Bonus Worksheet 2016."

**RESPONSE TO REQUEST NO. 9.**      Admit.

**REQUEST NO. 10.** "Bonus 2015 Worksheet" and "Hourly Bonus Worksheet 2016" are authentic duplicate copies of the *Bank's* incentive program worksheets.

**RESPONSE TO REQUEST NO. 10.**      Admit.

**REQUEST NO. 11.** The *Bank's* incentive program worksheets, annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit N are records of regularly conducted activity as defined by Fed. R. Evid. 803(6).

**RESPONSE TO REQUEST NO. 11.**      Admit.

**REQUEST NO. 12.** *Bank* used incentive program worksheets to calculate the amount of each eligible *non-exempt employees' non-discretionary bonuses*, including *Doberstein's non-discretionary bonuses,* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 12.**      Admit.

**REQUEST NO. 13.** Sixty-four (64) *non-exempt employees,* including *Doberstein* received quarterly bonuses pursuant to *Bank's* incentive program during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 13.**      Admit.

**REQUEST NO. 14.** Annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests3 for Production of Documents* as Exhibit N is an electronic document titled "Quarterly Bonus Amounts 2016-2017-2018."

    **RESPONSE TO REQUEST NO. 14.**     Admit.

    **REQUEST NO. 15.** "Quarterly Bonus Amounts 2016-2017-2018" is an authentic duplicate copy of a summary of each of the sixty-four (64) *non-exempt employees,* including *Doberstein,* as well as the aggregate amount of all quarterly bonus payments made by *Bank* to said *employees* during the period of time beginning on December 7, 2015 and ending December 7, 2018.

    **RESPONSE TO REQUEST NO. 15.**     Admit.

    **REQUEST NO. 16.** The *Bank's* "Quarterly Bonus Amounts 2016-2017-2018", annexed to *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* as Exhibit N is admissible pursuant to Fed. R. Evid. 1006.

    **RESPONSE TO REQUEST NO. 16.**     Admit.

    **REQUEST NO. 17.** *Bank* did not include quarterly bonus payments in *non-exempt employees' regular rate* of pay for *overtime* calculation purposes.

    **RESPONSE TO REQUEST NO. 17.**     Deny. No lawfully required payments were incorrectly not paid other than a de minimis amount of $3.04 to Doberstein, which has now been paid to her.

    **REQUEST NO. 18.** The sixty-four (64) hourly-paid, *non-exempt employees,* including *Doberstein,* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on

December 7, 2015 and ending December 7, 2018 is an ascertainable class of people pursuant to Fed. R. Civ. P. 23.

**RESPONSE TO REQUEST NO. 18.** Deny. No lawfully required payments were incorrectly not paid other than a de minimis amount of $3.04 to Doberstein, which has now been paid to her.

**REQUEST NO. 19.** Joinder of all sixty-four (64) hourly-paid, *non-exempt employees,* including *Doberstein,* is impracticable.

**RESPONSE TO REQUEST NO. 19.** Deny. No lawfully required payments were incorrectly not paid other than a de minimis amount of $3.04 to Doberstein, which has now been paid to her.

**REQUEST NO. 20.** There are questions of law and fact common to all sixty-four (64) hourly-paid, *non-exempt employees,* including *Doberstein,* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 20.** Deny. No lawfully required payments were incorrectly not paid other than a de minimis amount of $3.04 to Doberstein, which has now been paid to her.

**REQUEST NO. 21.** *Doberstein's* claims and *Bank's* defenses are typical of the claims and defenses for all sixty-four (64) hourly-paid, *non-exempt employees* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 21.** Deny. No lawfully required payments were incorrectly not paid other than a de minimis amount of $3.04 to Doberstein, which has now been paid to her.

**REQUEST NO. 22.** *Doberstein* will fairly and adequately protect the interests of all sixty-four (64) hourly-paid, *non-exempt employees* who received a quarterly bonus from *Bank* which was not included in said *employees' regular rates* of pay for *overtime* calculation purposes during the period of time beginning on December 7, 2015 and ending December 7, 2018.

**RESPONSE TO REQUEST NO. 22.** Deny. No lawfully required payments were incorrectly not paid other than a de minimis amount of $3.04 to Doberstein, which has now been paid to her.

## VERIFICATION

I, Charles Schmalz, President, CEO, for East Wisconsin Savings Bank, affirm under the penalties for perjury that the foregoing statements and representations in response to each of the admissions are true and accurate to the best of my knowledge and belief.

Dated this *1st* day of ~~June~~ July, 2019.

Charles Schmalz,
President, CEO

Subscribed and sworn to before me
this 1st day of ~~June~~ July, 2019.

*Karen Nechodom*
Notary Public, State of Wisconsin
My commission expires: 12-11-20

As to objections only:
GILL & GILL, S.C.
Attorneys for Defendant

By: _____

    Gregory B. Gill, Sr.
    State Bar No. 1089246

Address:
501 S. Nicolet Road
Appleton, WI 54914
Telephone:  (920) 739-1107
Facsimile:  (920) 739-3027
E-mail:  gillsr@gillandgillsc.com