<u>**SETTLEMENT AGREEMENT & RELEASE**</u>

The Parties to this Settlement Agreement and Release ("Agreement") are Tiffany Doberstein ("Doberstein"), both individually and on behalf of the putative Rule 23 class action members (the "Rule 23 Class"), and East Wisconsin Savings Bank ("Bank").

<u>**Recitals**</u>

WHEREAS, on or about December 7, 2018, Doberstein filed a complaint against Bank in the United States District Court for the Eastern District of Wisconsin (Green Bay Division) (the "Court"), Case No. 18-cv01931, alleging that Bank violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Wisconsin Wage Payment and Collection Laws ("WWPCL"), by failing to pay wages earned during her employment, including wages earned at an overtime rate of pay (the "Litigation").

WHEREAS, Bank denies Doberstein's allegations and denies liability.

WHEREAS, Bank has provided substantial data and information relevant to Doberstein's allegations to Doberstein's Counsel, Walcheske & Luzi, LLC. After a detailed analysis of the data, Bank and Doberstein ("the Parties") entered into arm's length negotiations in order to resolve the dispute between them. Bank and Doberstein have reached an agreement upon a total settlement fund to provide compensation for the alleged unpaid wages to Doberstein and the Rule 23 Class.

WHEREAS, Walcheske & Luzi, LLC, has represented Doberstein throughout this matter to ensure that Doberstein and the Rule 23 Class are compensated for time allegedly spent working for Bank from December 7, 2015 through December 7, 2018.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

WHEREAS, nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Bank.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

**I.    General Terms of Settlement**

A.    For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV(A), below (the "Rule 23 Class"). The members of the Rule 23 Class are referred to as the "Class Members."

B.    In exchange for the Release of Claims and other promises contained herein, Bank shall, in accordance with the manner and timing provided for in Sections III(A)–

1

IV(H), below, make payments to Doberstein, the Class Members, and Doberstein's Legal Counsel, Walcheske & Luzi, LLC, in the amounts identified in Section III, below, and Exhibit A to this Agreement.

C.  Doberstein understands and acknowledges that, although Bank is entering into this Agreement and making the payments hereunder, Bank does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II(A) below, and expressly denies the same. Nothing in this Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility, or fault of any type whatsoever, by Bank, who expressly denies same.

D.  The Parties desire that this settlement, this Agreement, and the terms contained herein be treated as confidential to the greatest extent reasonably possible consistent with the requirements of law.  Neither Doberstein nor Walcheske & Luzi, LLC shall issue any press release or post any information about the settlement, this Agreement, and/or its terms on any website or social media. To the extent any press, websites, social media or any other vehicles have been used in the past by Doberstein and/or Walcheske & Luzi, LLC to promote or otherwise discuss this case or any of the claims, that promotion and discussion will immediately cease and be removed to the extent reasonably possible.

## II.  Release of Claims, Acknowledgments, and Agreement to Cooperate

A.  Doberstein's Release of Claims.

Doberstein hereby and forever completely releases and discharges Bank and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities (collectively, "Released Parties"), from any and all claims of any kind, which arise out of, or are in any manner based upon or related to, the employment relationship between Doberstein and Bank or any act or omission that occurred between December 7, 2015 and the date that Doberstein signs this Agreement. Doberstein's release of claims against the Released Parties includes: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3); Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment, and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family, and medical leave acts; (11) the Uniformed Services Employment and Reemployment

2

Rights Act (USERRA), and any other local, state, or federal military and/or veterans rights act, and/or any other claim based on veteran status; (12) and/or arising under any other local, state or federal statute, ordinance, regulation or order, and/or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This release does not waive any claims that Doberstein cannot waive by law.

B.      Release of Claims by Rule 23 Class Members.

Upon final approval of this Agreement, the Rule 23 Class members shall thereby release their Wisconsin law claims for unpaid overtime, and/or agreed upon wages, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274, resulting from Bank's compensation practices between December 7, 2015 and December 7, 2018.

D.      Acknowledgments and Agreement to Cooperate.

Doberstein acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of liquidated damages, civil penalties, and her legal fees and costs. Doberstein further agrees that this settlement represents fair and reasonable compensation for any unpaid wages she may have accrued during her employment with Bank, inclusive of any claim for liquidated damages. Doberstein further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibits A - B prior to her execution of it, understands their terms, and has consulted with Walcheske & Luzi, LLC about the legal effects of this Agreement. Finally, Doberstein agrees to direct her counsel, Walcheske & Luzi, LLC to take any action necessary to ensure that the terms of this Agreement are fully effectuated and authorizes Walcheske & Luzi, LLC to work cooperatively with Bank to seek judicial approval of this Agreement, including preparation of court required pleadings.

E.      Nondisparagement.

Doberstein agrees not to disparage and/or discredit Bank and its directors, officers, and employees or otherwise treat any of them in a detrimental manner.

F.      Confidentiality.

Doberstein agrees that unless required or protected by law she will keep the terms and conditions of this Agreement, including the negotiations leading to this Agreement, confidential, with the exception of discussing such terms with her legal and financial advisors as necessary.

**III.**    **Settlement Payments**

A.    Settlement Fund.

As consideration for the releases in Section II above, Bank shall pay a total of $27,749.52 (the "Settlement Fund"). The Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, and a service payment to Doberstein, as described below.  If the Agreement is not approved by the Court, Bank shall cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.    Allocation of the Settlement Fund.

1.    Service Payment - $2,500 of the Settlement Fund shall be allocated as a service payment to Doberstein in recognition of her bringing the subject claims, serving as the named Plaintiff and class representative, providing information to and assisting counsel in bringing this matter as a class action, her insistence that the matter be resolved on class-wide basis, and the assistance she provided in bringing this matter to resolution.  Bank shall issue an IRS Form 1099 to Doberstein for this service payment.  Bank shall not oppose the Service Payment amount in any Court filing.

2.    Attorneys' fees and costs - $25,000.00 of the Settlement Fund shall be allocated as attorneys' fees and costs. Bank shall issue an IRS Form 1099 to Doberstein and to Doberstein's Counsel for this payment.  Doberstein's Counsel shall move the Court for an award of attorneys' fees twenty-one (21) days prior to the Fairness Hearing. Bank shall not object to this motion.

3.    Settlement Class Funds – $249.52 of the Settlement Fund shall be distributed amongst the Class Members and each shall receive the share of the Settlement Class Funds as set forth for such Class Member in Exhibit A.  The payment shall be attributed to liquidated damages for which each Class Member shall receive an IRS Form 1099 from Bank. Bank is not responsible for providing any tax advice to Doberstein or any Class Member regarding their settlement payments.

**IV.**    **Settlement Approval Process.**

A.    Stipulation to FED.R.CIV.P. 23 Class Certification.

The Parties stipulate to FED.R.CIV.P. 23 Class Certification of the following class:

All hourly-paid, non-exempt employees who are or have been employed by Defendant within three (3) years immediately prior to the filing of the Complaint (ECF No. 1) and who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes and whose names

4

appear on Exhibit A (the "Rule 23 Class").

B.     Preliminary Approval of Settlement.

The Parties shall file with the Court, on or before August 31, 2019, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties (collectively, the "Joint Motion"). Doberstein's Counsel shall prepare the initial drafts of the Joint Motion, and shall provide the drafts to Bank's counsel within fourteen (14) days of this Agreement being fully executed.  The Joint Motion shall be filed with the Court within thirty (30) days of Doberstein's Counsel providing the initial drafts to Bank's counsel.  A fully executed copy of this Agreement shall be attached to the joint motion for approval. Bank shall file this Agreement under seal, and Doberstein shall not object to the filing under seal. The Parties shall cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The Joint Motion shall request the following relief:

1.     Preliminary approval of the settlement memorialized in this Agreement as fair, reasonable, and adequate;

2.     Certification of this case as a class action under FED.R.CIV.P. 23 for the purpose of settlement;

3.     Appointment of Tiffany Doberstein as the Class Representative;

4.     Appointment of Walcheske & Luzi, LLC as Class Counsel pursuant to FED.R.CIV.P. 23(g);

5.     Approval of the Notice in the form of Exhibit B for distribution to all Class Members;

6.     A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

7.     A direction that each potential Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be postmarked within thirty days of mailing of the Notice;

8.     A direction that any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

9.      That a Fairness Hearing be held within approximately thirty (30) days after the close of the Class Notice period to determine whether this Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

10.     A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs twenty-one days prior to the Fairness Hearing (which Bank will not oppose) and a direction that any supplemental brief in support of final approval of the Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing and that the Court shall then determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

11.     A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Agreement must file and serve such written objections per the instructions set forth in the Notice, which must be postmarked no later than thirty (30) days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of her or her objections on a timely basis.

C.      Objection to Settlement.

Any Class Member who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement, file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for Bank.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) dates of employment at Bank and job title(s) held; (iii) a written statement of all grounds for the objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of her or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

D.      Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion postmarked no later than thirty days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be

excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

E.    Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

F.    Entry of Judgment.

If this Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1.    Certifying the Settlement Class pursuant to FED.R.CIV.P. 23;

2.    Approving the Agreement as fair, reasonable, and adequate as it applies to the Rule 23 Class;

3.    Appointing Doberstein as Class Representative for the Rule 23 Class;

4.    Appointing Walcheske & Luzi, LLC as Class Counsel;

5.    Declaring the Agreement to be binding on Bank, Doberstein, and Class Members who have not been excluded;

6.    Dismissing with prejudice the Class Members' released claims;

7.    Dismissing without prejudice the claims of the Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

8.    Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

G.    Settlement Administration.

If the Court grants preliminary approval of this Agreement, the settlement shall be administered as follows:

1.    Settlement Allocations.  Individual settlement allocations shall be made in the amounts set forth in Exhibit A.

2.    Bank's counsel shall provide a list of Class Members with contact information on or before August 31, 2019.

7

3.   Issuance of Notice. Within seven days of the Court's Order granting preliminary approval of the Settlement, Doberstein's Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Agreement. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Class Members of their right to exclude themselves from the settlement and the amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

Of the mailing of Notice is returned as undeliverable, Doberstein's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members.

4.   Payment schedule. Within twenty-one (21) calendar days of the Court's Order Finally Approving the Class Action Settlement, Bank shall deliver to Doberstein's Counsel a check for Attorneys' Fees and costs in the amount approved by the court but not exceeding $25,000.00 and a check for the Incentive Payment of $2,500.00.

5.   Within twenty-one (21) days of the Court's Order Finally Approving the Class Action Settlement, Bank shall mail settlement checks to the individual Class Members entitled to receive payment under this Agreement. The allocation of each payment is provided in Exhibit A. Each settlement check shall indicate on its face that it is void after ninety days of issuance. No checks shall be reissued after they become void.

6.   Reversion. Any portion of the Settlement Fund allocated to an individual who excludes himself or herself shall revert back to Bank. All funds from checks not cashed shall also revert to Bank.

## V.   Enforcement of Agreement

The Parties shall seek dismissal with prejudice of Doberstein's and the Class Members' released claims effective on the date on which the Agreement is approved by the Court while also ensuring that the Court that has approved the Agreement retains jurisdiction to enforce the terms of the Agreement. Accordingly, the Parties shall submit a proposed order which (1) approves the Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and Wisconsin law; (2) approves an award of Attorneys' fees and costs as fair and reasonable; (3) dismisses the case with prejudice as of the date of entry of such Order, and (4) consents to the Court's retained jurisdiction over this matter for purposes of enforcing the terms of this Agreement

## VI.   Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII. Entire Agreement

This document and its Exhibits A - B constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Doberstein expressly acknowledges that she is not relying on any advice, statements, representations, or communications from Bank (other than as expressly stated in this Agreement), including Bank's principals, owners, or attorneys, or any other individual or entity other than Walcheske & Luzi, LLC.

## VIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable, whether in whole or in part, that provision shall be deemed excised from this Agreement and the remainder of the Agreement shall remain enforceable.

## IX. Counterparts

This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. This Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

9-4-19
Dated

Tiffany Doberstein on behalf of herself and the Rule 23 Class

Sept 9, 2019
Dated

East Wisconsin Savings Bank

By: _____

Its: _____President._____

9

Doberstein v. East Wisconsin Savings Bank
Settlement Class Funds Distribution

| Name | Settlement |
|------|-----------|
| Baran, Megan R | $ 4.54 |
| Barthel, Alex M | $ - |
| Benzchawel-Suchan, Brianna | $ - |
| Bierman, Darlene | $ 2.57 |
| Carriveau, Amy L | $ 2.92 |
| Centner, Jacqueline S | $ 7.11 |
| Coenen, Leah M | $ 1.28 |
| Coenen, Lori J | $ 2.35 |
| Dewhurst, Whitney J | $ - |
| Diedrich, Kaitlyn M | $ 4.71 |
| Doberstein, Tiffany R | $ 1.53 |
| Dorow, Lucas D | $ 3.41 |
| Dye, Miranda R | $ - |
| Efthimious, Elias | $ 0.15 |
| Efthimious, Nikolaos | $ 2.95 |
| Fahl, Kathryn L | $ 2.18 |
| Febry, Jessica M | $ 3.39 |
| Griesbach, Sarah C | $ 0.71 |
| Gronowski, Diane M | $ 7.64 |
| Grootemont, Christi A | $ - |
| Hansen, Kathryn M | $ - |
| Hermus, Lynn M | $ 23.21 |
| Hietpas, Alexa A | $ - |
| Heilgenberg, Heather J | $ 15.46 |
| Hill, Tori R | $ 0.54 |
| Helsey, Sarah C | $ - |
| Kincaid, Steven J | $ 10.63 |
| King, Kimberly M | $ - |
| Konkle, Alexandria M | $ - |
| Krueger, Laura L | $ 0.43 |
| Lasee, Scott M | $ - |
| Leicht, Greta M | $ - |
| Lison, Michelle M | $ 0.89 |
| Lopez, Eva | $ - |
| Milder, Alisa L | $ 13.32 |
| Moolz, Laura A | $ - |

**EXHIBIT A**

| | | |
|---|---|---:|
| Moran, Candace N | $ | - |
| Nabberfeld, Bonnie L | $ | 1.06 |
| Napier, Morgan L | $ | 1.18 |
| Nechodom, Mary Kay | $ | 0.73 |
| Nechodom, Stephenie A | $ | 3.44 |
| Olson, Christine M | $ | 1.99 |
| Ortiz, Dana N | $ | 1.41 |
| Popp, Megan C | $ | - |
| Ratliff, Samantha J | $ | - |
| Rihn, Erin E | $ | 0.67 |
| Rinaldi, Debra S | $ | 24.68 |
| Roberts, Stephanie A | $ | 20.13 |
| Rodriguez, Enrique | $ | - |
| Rolbiecki, Vincent C | $ | - |
| Romenesko, molly J | $ | - |
| Romenesko, Sara M | $ | 8.87 |
| Schantner, Amanda L | $ | 1.80 |
| Schmalz, Conner D | $ | - |
| Schuh, Amanda L | $ | 1.09 |
| Skorik, Merry C | $ | - |
| Smith, Katie L | $ | - |
| Spettel, Sarah N | $ | 18.46 |
| Strebe, Nicole E | $ | 2.20 |
| Strong, Joni R | $ | 2.10 |
| Terres, Kimberly A | $ | 2.43 |
| Teske, Heather M | $ | 1.91 |
| Toonen, Marueen M | $ | 6.63 |
| Van Handel, Nancy S | $ | 5.67 |
| Venden Berg, Lorrie A | $ | - |
| Vendenberg, Melissa A | $ | 12.79 |
| Verhagen, Lisa M | $ | 8.74 |
| Voight, Lori A | $ | 4.19 |
| White, Jannett A | $ | 5.44 |
| | **$** | **249.52** |

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

TO:    Non-exempt Member Relations Representatives who worked for East Wisconsin Savings Bank in Wisconsin at any time between December 7, 2015 and December 7, 2018.

RE:    FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST EAST WISCONSIN SAVINGS BANK

Based on the records of East Wisconsin Savings Bank ("BANK"), you are a class member who may be entitled to participate in the proposed settlement of claims in the case named *Tiffany Doberstein v. East Wisconsin Savings Bank*, Case No. 18- cv-1931, filed in the U.S. District Court for the Eastern District of Wisconsin (the "Class Action") (see attached Exhibit).

Please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below. To participate in the settlement, you do not need to take any action. If you do not want to participate in the settlement, you must exclude yourself by mailing a letter to Class Counsel listed in Section 5 below stating your intention to opt-out, postmarked no later than **[DATE]**.

**IMPORTANT DEADLINES:**

- If you want to opt-out of the Class Action and the settlement: your Opt-Out Letter must be postmarked by **[DATE]**; and

- If you wish to remain in the class action but object to the settlement: your objection to the settlement must be postmarked by **[DATE]**.

If you have questions regarding the settlement, opting out, or asserting objections, please contact Class Counsel listed in Section 5 below.

This Notice explains the Class Action and the terms of the proposed settlement, and informs you of your rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties to the Class Action. The distribution of this Notice does not mean that the Plaintiff has prevailed or will prevail on this matter. Further, the Court takes no position regarding whether or not you should participate in the Lawsuit.

This Notice contains information about the following topics:

1. What Is This Class Action About?

2. What Is A Class Action?

3. What Is The Purpose Of This Notice?

4. Who Is Included In The Class Action?

5. Who Is Class Counsel?

6. How Do I Participate in the Class Action and Settlement?

7. What Are The Benefits And Terms Of The Settlement (including information about how you can participate in the Settlement)?

8. When Is The Fairness Hearing to Approve The Settlement?

9. How Can You Object To The Settlement?

10. How Can You Opt-out Of The Settlement?

11. Submission of Deficient Claim Forms/Right to Cure

12. How Can You Examine Court Records?

13. What If You Have Questions?

**1. <u>What Is This Class Action About?</u>**

On December, 2018, Plaintiff, Tiffany Doberstein, filed her Complaint against Defendant, East Wisconsin Savings Bank ("Bank"), on behalf of herself and all Member Relations Representatives. (ECF No. 1.) Plaintiff, herself, was a non-exempt Member Relations Representative of Bank in the three years preceding the filing of her complaint. Plaintiff alleged, inter alia, that Bank failed Bank failed to include all non-discretionary forms of monetary compensation in hourly-paid, non-exempt Member Relations Representatives' regular rates of pay for overtime calculation and compensation purposes in workweeks when said employees worked in excess of forty (40) hours during the representative time period for which the non-discretionary remuneration covered. See 29 U.S.C. § 207(a)(1) and (e); see also Wis. Stat. § 103.025(1)(c) and Wis. Admin Code § DWD 274.03. Plaintiff also sought additional amounts as liquidated damages, penalties, and attorneys' fees and costs. (See ECF No. 1.)

For its fifth claim titled "Violation of the WWPCL – Unpaid Overtime (Plaintiff on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation))," Plaintiff is seeking certification of a class action including all non-exempt Member Relations Representatives who worked for Bank in Wisconsin at any time between December 7, 2015, December 7, 2018 and who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes ("Wisconsin Class").

Bank has denied and continues to deny any wrongdoing and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Class Action. However, to avoid the burden and uncertainty of continued litigation, Bank has concluded that it is in its best interests to resolve and settle the Class Action by entering into a proposed settlement agreement, which was filed with the Court on **[DATE]** (the "Settlement Agreement").

The Class Action is presently before Judge William C. Griesbach, Chief Judge for the United States District Court for the Eastern District of Wisconsin. Judge Griesbach has not made any decision on the merits of Plaintiff's claims. On **[DATE]**, the Court preliminarily approved the Settlement Agreement and certified Plaintiff's class for purposes of settlement, subject to final approval at a fairness hearing taking place on **[TIME, DATE, LOCATION]**.

**2. <u>What Is A Class Action?</u>**

A class action is a civil action in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "Plaintiffs" or "Class Representatives," file a civil action asserting claims on behalf of the entire class.

**3. <u>What Is The Purpose Of This Notice?</u>**

The Court has ordered that this Notice be sent to you because you may be a member of the Wisconsin Class. The purpose of this Notice is to inform you of the proposed settlement and of your rights, including:

- To inform you how to claim your potential monetary share of settlement funds (see attached);

- To inform you of your right to "opt-out" of the settlement classes to preserve your ability to independently bring any claim that you might have against Bank; and

- To inform you of your right to file an objection to the Settlement Agreement.

**4. <u>Who Is Included In The Class Action?</u>**

You are included in the Class Action if you were an hourly-paid, non-exempt employee who are or have been employed by Bank within three (3) years immediately prior to the filing of the *Complaint* (ECF No. 1) and who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes. People who meet this definition will be referred to in this Notice as "Class Members" (see attached).

**5. <u>Who Is Class Counsel?</u>**

The Court has approved and appointed the following to represent all Class Members ("Class Counsel"):

> Walcheske & Luzi, LLC
> 15850 West Bluemound Road, Suite 304
> Brookfield, Wisconsin 53005
> Email: contact@walcheskeluzi.com
> Telephone: (262) 780-1953

Class Counsel has pursued the Class Action on a contingent fee basis and has not received any payment of fees or any reimbursement of its out-of-pocket expenses related to the recovery on behalf of all Class Members. As part of the Settlement Agreement, subject to final Court approval, Class Counsel will apply for fees and costs. Under this settlement, Class Counsel's court-approved attorneys' fees and costs will be covered by the Settlement Fund. Participating Class Members are not responsible for payment of any of Class Counsel's attorneys' fees or costs. Class Members may object to the terms of the Settlement and/or to Class Counsel's request for attorneys' fees and costs, as explained in Section 9.

Please do not direct any questions related to the case or the settlement to Bank or Bank's lawyers. Instead, you should direct any questions to Class Counsel, whose contact information is above.

### 6.  How Do I Participate in the Class Action and Settlement?

If you do not opt-out of the Class Action as explained in Section 10 below, you will be automatically included in the Class Action and receive payment under the Settlement Agreement (subject to final Court approval and other terms and conditions).

### 7.  What Are The Benefits And Terms Of The Settlement?

Plaintiff and Bank have agreed to the settlement summarized below. The complete terms and conditions of the Settlement Agreement are on file with the Clerk of Court at the address listed below in Section 12. While the Court has preliminarily approved the Settlement Agreement, it will not become effective unless and until the Court gives its final approval, including the exhaustion of any appeals. The amount you will receive pursuant to the settlement is enumerated herein (see attachment).

#### a.  *What are the benefits of the settlement?*

To settle the Class Action, Bank agreed to pay up a total of $27,749.52 as the Settlement Fund. Class Members who do not opt-out may be entitled to a monetary payment. The Settlement Agreement specifies a methodology that Bank must use in allocating the amount of the payment to each Class Member. The named Plaintiff will receive an additional payment of $2,500.00 as the person who initiated the Class Action. This description of the payment methodology is intended as a summary only. The actual, binding methodology is explained in the Settlement Agreement on file with the Court.

#### b.  *What is the legal effect of participating in the settlement?*

If the Court grants final approval of the Settlement Agreement, Class Members who do not opt-out of the Class Action will be eligible to receive a monetary payment and, in exchange, agree to broadly release all claims related to employment compensation against Bank (including claims under the federal Fair Labor Standards Act and Wisconsin state law), to dismiss the Class Action with prejudice, and to abide by other terms explained in the Settlement Agreement. This means that Class Members who do not exclude themselves by opting-out will be barred from bringing

their own lawsuits for recovery against Bank for any employment compensation claims that arose prior to the Effective Date of the Settlement Agreement.

### c. *How can you receive a monetary portion of the Settlement Fund?*

If you wish to receive your monetary portion of the Settlement Fund, you do not need to take any action. If you do nothing, you will automatically be included in the appropriate class and become eligible to receive a payment from the Settlement Fund upon final court approval of the Settlement Agreement.

Thereafter, any monetary payments will be in a form of a check and must be executed (i.e., cashed) by you within **90 days** from the date the check is issued.

## 8. <u>When Is The Fairness Hearing To Approve The Settlement?</u>

The Court has granted preliminary approval of the Settlement Agreement, concluding preliminarily that the Agreement is fair, adequate, and reasonable, and that the proposed distribution of the Settlement Fund is fair, adequate, and reasonable. A hearing will be held to determine whether final approval of the Agreement should be granted (the "Fairness Hearing"). At the Fairness Hearing, the Court will hear objections, if any, and arguments concerning the fairness of the Agreement. The hearing will take place before Judge Griesbach at **[TIME]** on **[DATE]** or as soon thereafter as practicable, at 125 S Jefferson Street, Green Bay, Wisconsin 54301. The Court will also consider Class Counsel's application for attorneys' fees and costs. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

**YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING. YOU MAY ATTEND THE HEARING IF YOU PLAN TO OBJECT TO THE SETTLEMENT. YOU MAY ALSO RETAIN YOUR OWN ATTORNEY TO REPRESENT YOU IN YOUR OBJECTIONS. IF YOU WISH TO OBJECT AND ATTEND THE HEARING, YOU MUST SUBMIT A WRITTEN OBJECTION AS DESCRIBED IN THE FOLLOWING SECTION AND MUST STATE IN WRITING YOUR INTEBANKON TO APPEAR AT THE FAIRNESS HEARING.**

## 9. <u>How Can You Object To The Proposed Settlement?</u>

If you want to object to the Proposed Settlement Agreement, you must take two steps on or before **[DATE]**.

First, you must submit a written statement of the objection to Class Counsel by mail, email, or fax to:

Walcheske & Luzi, LLC
15850 West Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Email: contact@walcheskeluzi.com
Fax: (262) 565-6569

Second, you must file your objection with the Court at the following address:

United States District Court Eastern District of Wisconsin, Green Bay Division
125 South Jefferson Street, Green Bay, WI 54301

Your objection will not be heard unless it is submitted to Class Counsel **and** filed with the Court on or before **[DATE]**. The objection must include: (i) your full name, address, and telephone number; (ii) your dates of employment at Bank and job title(s) held; (iii) a written statement of all grounds for your objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which you base your objection; (v) a list of all persons who will be called to testify in support of your objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing to object to the Settlement Agreement, your objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing, if any.

## 10. <u>How Can You Opt-Out Of The Class Action and Settlement?</u>

You have the right to exclude yourself, and yourself only, from this Class Action and Settlement Agreement. If you choose to exclude yourself, you will not be eligible to receive the benefits of this Agreement, and you will not be barred from seeking relief with respect to any legal claims and will be free to pursue an individual claim, if any, against Bank. If you intend to exclude yourself, you must draft a letter (the "Opt-Out Letter") which states as follows:

"I WISH TO BE EXCLUDED FROM THE CLASS ACTION IN DOBERSTEIN V. EAST WISCONSIN SAVINGS BANK, CASE NO. 18-CV-1931, IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN. I UNDERSTAND THAT BY ASKING TO BE EXCLUDED FROM THE CLASS ACTION, I WILL NOT RECEIVE ANY MONEY FROM A SETTLEMENT OF THE CASE.

You must print and sign your name on the letter. The Opt-Out Letter must be submitted to Class Counsel, whose contact information is contained in Section 9. The deadline for submitting an Opt-Out Letter is **[DATE]**.

## 11. <u>Submission of Untimely Objections and Opt-Out Letters</u>

Any objections and Opt-Out Letters that are not timely shall not be considered, and a deficient Opt-Out Letter shall be null and void and shall not be accepted or processed.

**12. How Can You Examine Court Records?**

The foregoing description of the Class Action is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the Clerk of Court for the United States District Court for the Eastern District of Wisconsin, Green Bay Division, 125 South Jefferson Street, Green Bay, Wisconsin 54301. The Clerk will make all files relating to this Class Action available to you for inspection and copying at your own expense. If you do not submit a timely Opt-Out Letter, you will be bound by the Settlement Agreement, whether or not you have obtained a copy of the Agreement and reviewed it.

**13. What If You Have Questions?**

If you have questions about this Notice, or want additional information, you can contact Class Counsel using the contact information listed in Section 5 above.

Dated: **[DATE]**

**This Notice is sent to you by Order of the United States District Court for the Eastern District of Wisconsin. Unless filing an objection to the settlement or asking to review court filings, please do not contact the Court.**